ARTHUR v. SIRE.

(Supreme Court, Appellate Division, First Department. June 23, 1905.)

PARTNERSHIP—DISSOLUTION—FIRM ASSETS.

Where a partner contributed to the partnership a contract whereby he agreed to star an actress in a musical comedy for several theatrical seasons, and contracts whereby third persons bound themselves to write the words and music for a comedy, the contracts could not be restored to him on the dissolution of the partnership, though they provided that they were not assignable, such provision merely affecting their value in case of a sale, and not depriving the copartner of his interest in them as firm assets.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Daniel V. Arthur against Henry B. Sire for the dissolution of a partnership. From so much of an interlocutory judgment (92 N. Y. Supp. 158) as restored to plaintiff certain contracts contributed to the partnership, defendant appeals. Modified.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin Bien, for appellant.
William A. Keener, for respondent.

O'BRIEN, J. This action is brought to dissolve a copartnership between the plaintiff and the defendant, to determine the rights of

the partners in four contracts which had been contributed to the firm by the plaintiff, and for an accounting and the appointment of a receiver. The existence of the partnership was conceded, and the parties stipulated that an interlocutory judgment should be entered decreeing a dissolution thereof and an accounting, together with the appointment of a receiver of the partnership property. The only question in dispute before the court at Special Term was the rights of the parties in the contracts above mentioned, and the appeal is taken only from that part of the interlocutory judgment which decrees that the plaintiff is the sole owner of those contracts and that the defendant has no interest therein.

It appears that prior to the formation of the partnership the plaintiff had entered into four contracts with different parties. The first was with Marie Cahill, an actress, by which the plaintiff agreed to star her in musical comedies for five theatrical seasons, and which recited that it was a personal contract and not assignable, but that the plaintiff might associate with himself such other party in the enterprise as he desired, on the condition that he was not to be released in any way from the covenants therein to be performed by him. The second contract was between the plaintiff and one Ranken, by which the latter agreed to write a libretto for a musical comedy, and which provided that the plaintiff might sublet or dispose of a part of his rights therein, but that he was not at liberty to assign his entire interest, and that any partial disposal or subletting would not release him in any way from his covenants. The third contract between the plaintiff and Broadhurst was not produced upon the trial, but it was stipulated that it contained terms similar to those in the Ranken contract. The fourth was between the plaintiff and one Hadley, by which the latter agreed to write the music for a musical comedy, and which contained similar provisions in relation to subletting. The partnership between the plaintiff and the defendant was thereafter formed for the purpose of carrying out the agreement with Marie Cahill. The articles of copartnership provided that:

"The parties hereto agree to become copartners in business for the purpose of starring the said Marie Cahill, in suitable musical comedies for a period of five theatrical seasons, * * * and to that end and purpose the party of the first part [this plaintiff] contributes to the said copartnership the agreement he has with Marie Cahill and others heretofore mentioned."

The defendant, on his part, agreed to furnish a theater in the city of New York, at a specified rental, for the purpose of producing the musical comedies, with Marie Cahill as a star; and the articles recite that the plaintiff and defendant shall share equally in the profits and losses of the enterprise.

Under the circumstances, we are of the opinion that the court at Special Term erred in holding that upon the dissolution of the partnership the contracts became the property of the plaintiff, and the defendant had no interest therein. By the specific terms of the partnership agreement these contracts were contributed to the firm by the plaintiff, and they thereupon became a part of the partnership assets, just as much as though he had contributed money, a stock

of goods, or other personal property. The fact that the contracts themselves contained restrictions as to subletting and assigning merely affects their value upon a sale, and does not deprive the defendant of his interest in them as firm assets. The plaintiff had agreed to and did contribute them to the partnership for the purpose of carrying out the object for which it was formed, and, having done this, the defendant had the right to have them treated in the same manner as other assets. Whether, upon a sale, they will bring little or much, is a matter which is of no concern to the court at the present time. Whatever their value is, the defendant is entitled to share in it.

For these reasons the interlocutory judgment should be modified by striking out that part of it from which the plaintiff has appealed, and inserting in place thereof a provision to the effect that the contracts referred to are a part of the firm assets; and, as thus modified, the interlocutory judgment to be affirmed, with costs to the appellant.

HATCH and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.