235 S.W.2d 7 (1950)
DUKES
v.
BROTHERHOOD OF PAINTERS, DECORATORS & PAPERHANGERS OF AMERICA, LOCAL UNION No. 437, et al.
Supreme Court of Tennessee.
December 9, 1950.
*8 T. W. Thomson, Knoxville, for plaintiff in error.
Thurman Ailor, Knoxville, for defendants in error.
BURNETT, Justice.
The plaintiff in error, Dukes, brought this suit against the defendants, the local union, its officers and certain named individuals for having confederated and conspired together to injure him by taking away his means of earning a livelihood and preventing him from obtaining employment.
The original declaration was demurred to and when by motion of the plaintiff the declaration was amended it was again demurred to by the various defendants. The demurrer contained several grounds, all of which boiled into one, are to the proposition that admitting what is said in the declaration there is no cause of action stated. The trial judge sustained the demurrer to the declaration as amended, because: "This suit is based on slander. The only defendant *9 who is charged with making any alleged slanderous remarks is the defendant Runnion. Accepting the statement charged to Runnion as true, as must be done on demurrer, still there is nothing in the declaration which indicates that as a result of the remarks made by Runnion that the plaintiff's rights were violated or that he suffered any damages as a result thereof."
Unquestionably if the declaration is treated as one in slander the action of the trial judge must be sustained because there are no libelous words per se used and no special damage averred. Fry v. McCord, 95 Tenn. 678, 33 S.W. 568; Benton v. Knoxville News-Sentinel Co., 174 Tenn. 661, 130 S.W.2d 106.
We have very carefully read and re-read the original declaration, the amendment, and the briefs in support of the appeal and are satisfied that the gravamen of the declaration is a suit against the defendants for unlawfully procuring the discharge of the plaintiff. We must, therefore, consider the suit on this basis and whether or not a cause of action is stated in the declaration.
The suit is against a local union, its various officers and other individuals, "who are sued as officers and members of said local union No. 437, and also as individuals and representatives of all other members of said local union No. 437, * * *." Such a suit is proper under the authority of Powers v. Journeymen Bricklayers Union No. 3, 130 Tenn. 643, 172 S.W. 284, L.R.A. 1915E, 1006; Barnes v. Fort, 181 Tenn. 522, 181 S.W.2d 881.
The declaration alleges in substance that the plaintiff in error is a painter by trade; that he had been a member of the local union No. 437 for twelve years; that on October 3, 1949, he was in the employ of a local corporation when an individual "acting in behalf of the Local Union No. 437" came to the plaintiff's employer and told the employer that the plaintiff had been expelled from the union "which statement was false" and demanded that his employer fire the plaintiff otherwise other painters on the job for this corporation would go on strike; that "in order to further a plan to deprive the plaintiff of livelihood", one of the named defendants, Runnion, made the statement that the plaintiff had been fired from the union and could not work on union jobs "all of which was false", and that this defendant procured the "Painters, Decorators and Contractors Association" to inform his employer that he had been expelled from the union and he was no longer a union painter and to discharge him or that there would be a strike on the job "which statement as to his expulsion in not being a union painter was false". He then says that as a result of these statements and action on behalf of the union and the individuals who were representing the union as business agents and "as the representative of the union" plaintiff was expelled or fired from his job and that he "has been deprived of his rights of labor, and this act by the defendant union is predicated on malice and is an invading of the plaintiff's property rights as guaranteed to him under the United States Constitution and the Constitution of the State of Tennessee."
The second count of the declaration is based upon alleged violation of Code, Section 11412.8 and 11412.10 which are a codification of portions of Chapter 36 of the Public Acts of 1947 known as the Tennessee Open Shop Law. These two sections of the Code, as relied upon by the plaintiff, are not applicable herein because they are directed toward the employer and not to any situation as represented by the declaration herein. For this reason the demurrer to the second count must be sustained.
The demurrer to the first count of the declaration admits all the well pleaded facts of the plaintiff's case to be true but it does not admit inferences from such facts unless they are necessary inferences. We, therefore, come to the point that since the declaration has been demurred to and the facts disclosed by it admitted the defendants say that admitting these to be true yet in law they do not warrant a judgment in favor of the plaintiff in error.
"As a general rule, one who maliciously or without just cause or excuse procures the discharge of a servant from his employment is liable to him for the resulting *10 damages, since an employee has a property right in his contract of employment which may not be unlawfully interfered with by another." 57 C.J.S., Master and Servant, § 630, p. 434.
To support this statement the author cites many authorities from various and sundry jurisdictions. We, in our investigation and study of this case, have read and considered many of these authorities. A case somewhat in point to the instant case is that of Order of Railway Conductors v. Jones, 78 Colo. 80, 239 P. 882, 883, wherein the Court says: "It is enough to say that to induce without justification an employer to break his contract of employment with his employee is an actionable violation of the employee's right to labor." This seems to us a fair and reasonable definition of what would constitute an actionable act under the circumstances here considered. The declaration avers that the plaintiff through the malice and false statements of the union, its representatives and the defendants herein named, lost his place of employment and that he was unable to get other employment at a comparable wage scale by reason of this unjustifiable action on the part of the defendants. It would, therefore, seem that taking as true, as we must, that the facts of the declaration are true then that a cause of action is here stated against these defendants because they have violated this employee's rights to labor.
In the case of Evans v. Swaim, 1944, 245 Ala. 641, 18 So.2d 400, 402, the Supreme Court of Alabama says: "One's business or employment is fully recognized in the law of Alabama as in the nature of a property right. To unlawfully or maliciously interfere therewith, causing the employee to be discharged by his employer, is actionable. That the employment is for no stipulated period, but terminable at the will of the parties, is not of consequence."
It is also said: "One of the rights incident to many, if not all, contracts is to be protected from malicious interference."
The question, therefore, is whether or not there were sufficient allegations in the declaration from which it could be drawn that these defendants, or either of them, wrongfully and maliciously caused the plaintiff to lose his employment. We will not attempt to again review the allegations of this declaration because we think we have sufficiently referred to them heretofore. We are forced to the conclusion that under the allegations of this declaration the plaintiff has stated a cause of action against those he charges with unlawfully procuring his discharge for which unlawful interference the plaintiff is entitled to damages.
Not every threat of a strike, or other attempt to intimidate, will afford a cause of action to an employee who is discharged in consequence of it. The threat must be of a substantial nature, and adapted to influence a person of reasonable firmness and prudence. It is clearly inferable under the allegations of this declaration that the union was not merely unionizing, as it had a right to do for economic purposes so as to render its craftsmen more independent in treating with contractors, but its acts were directed toward the plaintiff without justifiable reasons. Of course when this matter goes back to a hearing and is heard under the facts an entirely different situation may develop. We can only treat the matter according to the factual allegations as set forth by the plaintiff which factual allegations are admitted under the pleadings by the defendants to be true.
We think that a fair statement as to the measure of damages under the situation here presented is: "The measure of damages for unlawfully procuring the discharge of an employee is based on the direct and proximate results of the wrongful acts of defendant, and not on the breach of the contract of employment, and ordinarily plaintiff may recover the amount which would have been earned by him except for defendant's interference, less such sums as were actually earned at other employments." 57 C.J.S., Master and Servant, § 632, p. 439.
For the reasons heretofore stated this case must be reversed and remanded for a new trial consistent with this opinion.