**Edith Lynn LADD, Appellant,**

v.

**ROANE HOSIERY, INC., and Charles E. Graves, Appellees.**

Supreme Court of Tennessee.

Oct. 10, 1977.

Gerald F. Largen, Kingston, for appellant.

J. Frank Qualls, Harriman, for appellees.

## OPINION

COOPER, Chief Justice.

The plaintiff in this cause, Edith Ladd, was employed by Roane Hosiery, Inc. (Roane) from May 16, 1961, until she was released on April 18, 1975. She brought this action against Roane and against Charles Graves, who is employed by Roane as a supervisor, alleging that Graves had induced Roane to breach or terminate her employment contract, that the separation notice issued by Roane was libelous, that Roane was negligent in having discharged her on Graves' recommendation, and that both defendants were "guilty of the common law tort of outrageous conduct." On the defendants' motion, the trial judge dismissed the action.

The defendants' motion to dismiss was predicated upon the ground that the plaintiff had failed to state a claim upon which relief could be granted. When ruling on such a motion, the facts pleaded and the allegations made must be viewed in the light most favorable to the plaintiff, with every doubt resolved in his behalf. The

complaint should be dismissed only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 1102, 2 L.Ed.2d 80 (1957). *See also Huckeby v. Spangler,* 521 S.W.2d 568 (Tenn. 1975).

On appeal, the plaintiff has abandoned all claims for relief stated in her complaint other than that for the wrongful procurement of the breach or termination of her contract of employment. As a party to a contract cannot be held liable for procuring its own breach or termination of that contract, it follows that the plaintiff at present does not purport to state a claim for relief against Roane. *See, e.g., Allison v. American Airlines,* 112 F.Supp. 37 (N.D. Okl.1953); Annot., 26 A.L.R.2d 1227, 1269–1271 (citing cases). Accordingly, the dismissal of this action with respect to Roane is affirmed.

The plaintiff's remaining claim is against defendant Graves for "procurement of the breach of [her employment] contract." In her complaint she alleges that Graves "induced the corporation to terminate or breach the contract of employment between [her] and the corporation." She further alleges that Graves "had neither reason, nor excuse [for doing so], and was actuated only through a spirit of vindictiveness and malice . . . ." The trial judge held that this was insufficient to state a claim for relief against Graves.

An individual has a property interest in his labor, and the right to work without unjustified interference. *Large v. Dick,* 207 Tenn. 664, 343 S.W.2d 693 (1960). One who intentionally interferes with this right, causing the employee to be discharged, is liable in tort for the resulting damages. *Dukes v. Brotherhood of Painters,* 191 Tenn. 495, 235 S.W.2d 7 (1950). The essential allegations of such a claim are that the defendant intentionally and without justification procured the discharge of the employee in question. *Dukes v. Brotherhood of Painters, supra* ; 57 C.J.S. Master & Servant § 630.

The allegations of the complaint, as set forth above, are sufficient to set forth a claim that Graves unlawfully and without justification procured the discharge of the plaintiff by Roane. This may not have been the precise theory upon which the plaintiff intended to base her claim when she framed her complaint. However, where, as here, the facts are sufficient to set forth a valid claim for relief under some theory of recovery, it is immaterial that this theory is not the one originally envisaged by the plaintiff. The complaint is still sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted. *See, e.g., Bramlet v. Wilson,* 495 F.2d 714 (8th Cir. 1974).

Furthermore, although the defendants urge to the contrary, the plaintiff has alleged nothing in her pleadings to indicate that she will be unable to establish her claim for relief at trial. While her employment contract may have been terminable at the will of Roane this does not absolve defendant Graves from liability if he wrongfully induced that termination. *Schwab v. Int. Ass'n of Bridge, etc., Loc. 782,* 482 S.W.2d 143 (Tenn.App.1972). Neither does her allegation that defendant Graves was "a supervisor" employed by Roane serve to defeat her claim. It is possible that Graves would not be liable for procuring the dismissal of the plaintiff if that action was within the scope of his duties at Roane. *See, e.g., Lyon Ford, Inc. v. Ford Marketing Corp.,* 337 F.Supp. 691 (E.D.N.Y.1971); Annot., 26 A.L.R.2d 1227, 1267 (citing cases). However, at no point in her pleadings does the plaintiff admit that Graves' acts were within the scope of his duties, and the mere possibility that such a defense may be established at some point does not justify the dismissal of the plaintiff's claim at this stage of the proceedings.

Therefore, in light of the liberal construction that must be given a complaint tested by a motion for judgment on the pleadings under T.R.C.P. 12.03, the dismissal of the plaintiff's action against Graves for his allegedly wrongful procurement of her dis-

charge by Roane was improper, and is reversed. In all other respects the judgment below is affirmed. The case is remanded for further proceedings not inconsistent with this opinion. The costs will be divided equally between the plaintiff and defendant Graves.

FONES, HENRY, BROCK and HARBISON, JJ., concur.