# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 23, 2014 Session

## KATHY D. PALMORE v. LINDA K. NEAL ET AL.

**Appeal from the Circuit Court for Wilson County**
**No. 2013-CV-253      C.L. Rogers, Judge**

---

**No. M2013-02153-COA-R3-CV - Filed June 12, 2014**

---

Former employee brought an action for retaliatory discharge and intentional interference with employment. The trial court dismissed the complaint pursuant to Tenn. R. Civ. P. 12.02(6). Having determined the complaint failed to state a claim upon which relief can be granted, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. MARK ROGERS, SP. J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Robert D. MacPherson, Lebanon, Tennessee, for the appellant, Kathy D. Palmore.

Jeffrey R. Thompson, Knoxville, Tennessee, for the appellees, Linda K. Neal and Wilson County, Tennessee.

## OPINION

Kathy D. Palmore ("Plaintiff"), a former employee of the Wilson County Circuit Court Clerk's Office, filed this action against Linda K. Neal ("Ms. Neal"), the Clerk of Circuit Court for Wilson County, and Wilson County, Tennessee ("the County"). Plaintiff asserts claims against Ms. Neal, in her official capacity, and the County for statutory retaliatory discharge, pursuant to Tennessee Code Annotated § 50-1-304, (the "Whistleblower Act"); she additionally asserts a second claim against Ms. Neal in her individual capacity for intentional interference with employment for the wrongful procurement of Plaintiff's termination of employment.

Plaintiff's employment was terminated on July 20, 2012.[1] She alleges that prior to her termination, Ms. Neal determined that child support payments the Clerk's Office had received in trust for remittance pursuant to court orders had been erroneously remitted to the wrong parties and, as a consequence, the intended recipients had not received the court ordered child support. Ms. Neal believed that Plaintiff, and possibly other deputy clerks, were responsible for the errors. As alleged in the complaint, Plaintiff states that Ms. Neal insisted she reimburse the Clerk's Office in the amount of the funds erroneously disbursed, that being $1,124.91, instead of Ms. Neal attempting to recover the funds from the party who received the erroneous disbursements. Plaintiff also alleges that Ms. Neal told her she would be fired if she did not reimburse the Clerk's Office as requested. The complaint goes on to state that Plaintiff refused to remit the funds and, on July 20, 2012, Plaintiff's employment with the Circuit Court Clerk's Office was terminated by Ms. Neal due to Plaintiff's refusal to pay the sums as demanded.

As a direct result of the termination of her employment, Plaintiff states that she suffered, and will in the future suffer, lost earnings and benefits, severe anxiety, humiliation, and emotional distress. Based upon the aforesaid, Plaintiff sought compensatory and punitive damages, reasonable attorney's fees and costs.

The defendants filed a joint motion to dismiss the complaint pursuant to Tenn. R. Civ. P. 12.06(6) asserting the complaint failed to state a claim for which relief could be granted.

A hearing on the joint motion to dismiss was held on August 14, 2013; an Order of Dismissal was entered on August 22, 2013.[2] The order states:

> The Complaint on its face does not contain nor meet the legal requirement under the Whistleblower statute of illegal activity. There is no reference to a violation of the criminal codes or regulations, state or federal. An employee that negligently causes loss or damage to her employer is liable for such loss of damage. [Ms. Neal] is obligated by the duties of her elected office to manage and control Deputy Clerks and the functions of her office. Therefore

---

[1]Because this appeal arises from a Tenn. R. Civ. P. 12.02(6) dismissal for failure to state a claim upon which relief could be granted, we assume the factual allegations stated in the complaint are true. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Thus, the material facts referenced in this opinion come from the complaint.

[2]Judge Clara Byrd entered an Order of Recusal on May 7, 2013. Presiding Judge David E. Durham entered an Order of Interchange on May 16, 2013, in which Circuit Court Judge C.L. Rogers was assigned the case and he presided over the proceedings at issue.

as a matter of law the Complaint on its face does not assert the appropriate claim for violation of the Tennessee Whistleblower Act, no illegal activity.

[Ms. Neal] acted within her duties and authority of termination. No other person outside the employment relationship acted in this matter. The Complaint on its face makes out no intentional interference with employment as defined under the law.

The trial court found that Plaintiff failed to state a claim for which relief could be granted under the law and dismissed the complaint.

Thereafter, Plaintiff timely filed this appeal.

## STANDARD OF REVIEW

The standards by which Tennessee courts are to assess a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss are well established. As our Supreme Court stated in *Webb v. Nashville Area Habitat for Humanity*, *Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), "[a] Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Id.* "The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.*

By filing a motion to dismiss the defendant "admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." *Id.* (citations omitted). Nonetheless, courts are not required to accept as true assertions that are merely legal arguments or "legal conclusions" couched as facts. *Riggs v. Burson*, 941 S.W.2d 44, 44-48 (Tenn. 1997). When a complaint is challenged by a Rule 12.02(6) motion, the complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

## ANALYSIS

### I. RETALIATORY DISCHARGE

Plaintiff asserts a cause of action for retaliatory discharge in violation of the Tennessee Public Protection Act ("the TPPA"), codified at Tennessee Code Annotated §

501-1-304, often referred to as Tennessee's "Whistleblower Act." *See*, *e.g.*, *Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 24 (Tenn. 2011). The Act provides in pertinent part: "(b) No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities . . . . (d)(1) Any employee terminated in violation of subsection (b) shall have a cause of action against the employer for retaliatory discharge and any other damages to which the employee may be entitled." *Id.* (quoting Tenn. Code Ann. § 50-1-304). This statute creates a narrowly crafted exception to the long-established common law employment-at-will doctrine, which recognizes "the concomitant right of either the employer or the employee to terminate the employment relationship at any time, for good cause, bad cause, or no cause at all, without being guilty of a legal wrong." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997) (citing *Harney v. Meadowbrook Nursing Center*, 784 S.W.2d 921, 922 (Tenn.1990); *Watson v. Cleveland Chair Co.*, 789 S.W.2d 538 (Tenn.1989)).

The four essential elements of a claim under the Whistleblower Act the plaintiff must prove are:

(1)   the plaintiff was an employee of the defendant;
(2)   *the plaintiff refused to participate in or remain silent about illegal activity*;
(3)   the defendant employer discharged or terminated the plaintiff's employment; and
(4)   the defendant terminated the plaintiff's employment solely for the plaintiff's refusal to participate in or remain silent about the illegal activity.

*Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d at 26-27 (citations omitted) (emphasis added).

At issue is whether the complaint identified an illegal activity in which either defendant engaged; thus, we will begin our analysis with the second element.

The Whistleblower Act defines "illegal activities" as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." Tenn. Code Ann. § 50-1-304(3). Under both the TPPA and common law, the "illegal activity" or violation by the employer must implicate important public policy concerns. *Williams v. Greater Chattanooga Pub. Television Corp.*, 349 S.W.3d 501, 515 (Tenn. Ct. App. 2011). Accordingly, an employee must identify "an unambiguous constitutional, statutory or regulatory provision" as evidence of the public policy that the employee's discharge violates. *Gossett v. Tractor Supply Co., Inc.*, 320

S.W.3d 777, 788 (Tenn. 2010) (citing *Guy*, 79 S.W.3d at 535 (quoting *Chism*, 762 S.W.2d at 556); *Crews*, 78 S.W.3d at 862.

The trial court concluded that the complaint did not contain nor meet the legal requirement under the Whistleblower statute of illegal activity; the trial court stated, "there is no reference to a violation of the criminal codes or regulations, state or federal." The court's conclusion is based in part on the trial court's findings stated in the Order of Dismissal, which read in pertinent part:

From within the four corners of the Complaint, the facts are:

1(a)    Plaintiff was a Deputy Clerk, formerly employed at the Circuit Court Clerk's Office, Wilson County, Tennessee.

(b)    Defendant, Wilson County.

(c)    Defendant, Linda K. Neal, the duly elected Circuit Court Clerk.

2.    Plaintiff Deputy Clerk negligently caused a loss of child support monies to [Ms. Neal's] Office. Monies were paid out to the wrong individuals.

3.    [Ms. Neal] informed Plaintiff Deputy Clerk she would be personally liable for causing such loss. Plaintiff Deputy Clerk refused. [Ms. Neal] terminated Plaintiff's employment.

On appeal, Plaintiff attempts to craft an illegal activity allegation based upon the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101, *et seq*. Specifically, Plaintiff contends the defendant's activities, Ms. Neal's efforts to hold Plaintiff liable for the child support funds erroneously remitted, were in violation of Tennessee Code Annotated § 29-20-310(b), which reads: "No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter[.]"

Plaintiff's contention is based on the novel theory that no claim could be asserted against her personally because she was a county employee and, pursuant to Tenn. Code Ann. § 29-20-205, her act of remitting the child support funds to the wrong recipient removed the County's immunity. Thus, relying on the holding in *Drake v. Manson,* 1999 WL 767722, *2 (Tenn. Ct. App. Sept. 29, 1999), she reasons that she became immune when the County lost its immunity. As Plaintiff correctly notes, when the government's immunity is removed under the GTLA, a corresponding immunity is conferred on the government employee, in this case

Plaintiff. *Drake*, 1999 WL 767722, *2 (Tenn. Ct. App. Sept. 29, 1999) ("because when the immunity from suit normally enjoyed by governmental entities is removed under the provisions of the [GTLA] . . . a corresponding immunity is conferred upon the government employees whose alleged negligence gave rise to the cause of action.").

We agree with Plaintiff's assertion that she would be immune from a claim, if one were asserted against her, for the act of erroneously remitting trust funds to the wrong party; however, that principle is irrelevant to the issues here for no claim has been asserted against Plaintiff.

We also acknowledge Plaintiff's argument that Ms. Neal demanded that she pay the damages personally and, if she did not, she would be fired; however, the quid pro quo offer, or demand, does not constitute a claim under the GTLA. Therefore, we find Plaintiff's reliance upon the GTLA, specifically Tennessee Code Annotated § 29-20-310(b) misplaced, as there has been no claim, no civil action filed against her as is contemplated under the GTLA. The statute specifically states"*[n]o claim* may be brought against an employee . . . ." Tenn. Code Ann. § 29-20-310(b) (emphases added). Plaintiff contends the term "claim" embraces liability distinct from that associated with litigation and should be interpreted to include claims against public employees leveled by their own government-entity-employer; however, she cites no authority for this proposition and we are not aware of any such authority. We therefore decline Plaintiff's offer that we interpret the term "claim" as used in Tenn. Code Ann. § 29-20-310(b) to include any demand for payment.

The foregoing considered, we affirm the trial court's holding that Plaintiff failed to state a claim for statutory retaliatory discharge for which relief can be granted.

## II. INTENTIONAL INTERFERENCE WITH EMPLOYMENT

It is well settled that an individual has a property interest in his or her labor and has the right to work without unjustified interference. *See Forrester v. Stockstill*, 869 S.W.2d 328, 330 (Tenn.1994); *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 760 (Tenn.1977); *Large v. Dick*, 343 S.W.2d 693, 694 (Tenn.1960). One who intentionally interferes with this right, causing the employee to be discharged, is liable in tort for the resulting damages. *Dukes v. Brotherhood of Painters*, 235 S.W.2d 7 (Tenn. 1950).

A claim for intentional interference with employment "contemplate[s] a three-party relationship - the plaintiff as employee, the corporation as employer, and the defendants as *procurers* or *inducers*," *Nelson v. Martin*, 958 S.W.2d 643, 647 (Tenn. 1997) *overruled on other grounds Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691 (Tenn. 2002) (emphasis added). In order to recover, the plaintiff must prove that the defendant

intentionally and without justification procured the plaintiff's discharge from his or her employment.

Plaintiff alleged in the complaint that Ms. Neal, "acting with purely selfish and malicious motives, intentionally and unjustifiably interfered with the plaintiff's employment relationship with the County by procuring her termination on the spurious ground that the plaintiff failed to pay the sums that Neal had demanded that the plaintiff pay." Plaintiff relies on *Ladd v. Roane Hosiery, Inc.* to contend these allegations are sufficient to survive a Rule 12.02(6) challenge.

The plaintiff in *Ladd* alleged that a supervisor induced the corporation to terminate her contract of employment with the corporation. When the supervisor filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss, the court held that the allegations that the supervisor had neither reason, nor excuse for doing so, and was actuated through a spirit of vindictiveness and malice, were sufficient to state a claim that the supervisor unlawfully and without justification procured the plaintiff's discharge. *Ladd*, 556 S.W.2d at 760.

The factual allegations as to Ms. Neal in the complaint at issue fail to state that Ms. Neal *procured* or *induced* another to terminate her employment; this is because Ms. Neal, who serves as the Circuit Court Clerk, is the alter ego of her employer. Plaintiff was employed as a deputy clerk and she served at the will of the Circuit Court Clerk, *see* Tenn. Code Ann. § 8-20-109, and Ms. Neal is the Circuit Court Clerk.

As noted earlier, a claim for intentional interference with employment contemplates, *inter alia*, a three-party relationship; the employee, the employer, and a third party who procures or induces the employer to fire the employee. *Nelson*, 958 S.W.2d at 647. What is missing in the challenged complaint is a third party that was induced or procured by Ms. Neal to terminate Plaintiff's employment. Ms. Neal, acting in her official capacity as the Circuit Court Clerk, acted alone to terminate Plaintiff's employment; thus, Ms. Neal induced no one but herself to terminate Plaintiff's employment.

For the foregoing reasons, we affirm the trial court's holding that the complaint failed to state a cause of action for intentional interference with employment.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Kathy D. Palmore.

_____
J. MARK ROGERS, SPECIAL JUDGE