IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2001 Session

## MITZI MOORE LYNE

v.

## GEORGE "TIC" PRICE, Individually and in his official capacity as Head Basketball Coatch and DR. V. LANE RAWLINS, in his official capacity as President of The University of Memphis

**Appeal from the Circuit Court for Shelby County**
**No. 94332-6     George H. Brown, Jr., Judge**

---

**No. W2000-00870-COA-R3-CV - Filed June 27, 2002**

---

This is an intentional interference with employment case. An at-will employee worked as a secretary for a university's athletic department. The employee was discharged when she allegedly refused to cooperate with her supervisor and remain silent about conduct she believed was illegal and in violation of the university's policies. The employee filed a lawsuit against, among others, her former supervisor in both his individual and his official capacities for intentional interference with her employment with the university. The trial court dismissed the complaint in its entirety. The employee appeals the dismissal of the claims against the former supervisor in his individual capacity. We reverse, finding that the employee's complaint states a cause of action based on the allegations that the employee's supervisor procured her discharge to further his own personal interests and for reasons unrelated to furthering the interests of the university.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Stephen M. Markowitz, Memphis, Tennessee, for the Appellant, Mitzi Moore Lyne.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Leslie Ann Bridges, Senior Counsel, and William J. Marett, Jr., Assistant Attorney General, Nashville, Tennessee, for the Appellee, George "Tic" Price.

**OPINION**

This appeal arises out of the trial court's dismissal of an employee's intentional interference with employment lawsuit filed against her former supervisor in his dual capacity. Plaintiff/appellant Mitzi Moore Lyne ("Lyne") was hired as an "at-will" employee by the University of Memphis in 1982 to serve as an administrative secretary for the athletic department. In March 1997, defendant/appellee George "Tic" Price ("Coach Price") was hired by the University as the new head coach for the men's basketball team and became Lyne's direct supervisor.

In addition to his job as the University's basketball coach, Coach Price also conducted a basketball camp for local youth, the "Tic Price Basketball Camp." This camp was operated independently from the University.[1] In approximately April 1997, Coach Price asked Lyne to perform administrative tasks related to both the University's men's basketball team and the Tic Price Basketball Camp. Lyne alleges that she was asked to falsify expense accounts and approve purchases which exceeded her authority. Lyne also asserts that she was asked to mail out a brochure for the Tic Price Basketball Camp that included pictures of several professional basketball players even though the players were not participating in the camp and had not given permission for their photographs to be used in the brochure. Lyne refused to perform these tasks, and asserts that she told Coach Price and other University officials that she believed that the brochures contained false or misleading claims and that distributing the brochures violated federal criminal statutes. Lyne alleges that, after that, she was labeled by Coach Price as disloyal, uncooperative, and untrustworthy. Lyne contends that, shortly thereafter, Coach Price caused her employment to be terminated by the University, allegedly because of her refusal to participate in and remain silent about Coach Price's illegal and unethical activities.

Subsequently, Lyne filed a lawsuit against Coach Price, in both his individual and official capacities, and the president of the University, asserting causes of action for retaliatory discharge, wrongful discharge, and violation of her due process rights. Lyne amended her complaint to include a claim against Coach Price in his individual capacity for intentional interference with her employment. The amended complaint contended that Coach Price "sought to advance his personal economic interest and advantages through repeated violations of University policies and procedures" and "intentionally and unjustifiably interfered with [Lyne's] employment...when [she] refused to participate in or remain silent about [Coach Price's] fraudulent and illegal activities."

In response, the Defendants filed a motion to dismiss, asserting that the amended complaint failed to state claims upon which relief could be granted and that the court lacked subject matter jurisdiction over plaintiff's claims. Tenn. R. Civ. P. 12.02(6) and 12.02(1). Discovery was stayed pending the trial court's ruling on the Defendants' motion to dismiss. In two separate orders, the

---

[1] The nature of Coach Price's business arrangement with the camp is not clear from the record.

trial court dismissed all of Lyne's claims.[2]  In this appeal, Lyne appeals only the order dismissing her intentional interference with employment claim against Coach Price in his individual capacity.

On appeal, Lyne argues that Coach Price can be held individually liable for interference with her employment with the University because his actions were motivated by an intent to further his own interests, rather than the interests of the University, and that he therefore stood as a "third party" to her employment relationship with the University.  The State contends on appeal that Coach Price acted only in his capacity as Lyne's supervisor, notes that the amended complaint does not assert explicitly that Coach Price stood as a "third party" to the employment relationship between Lyne and the University, and argues that the amended complaint therefore does not state a claim for intentional interference against Coach Price in his individual capacity.

A motion to dismiss for failure to state a claim upon which relief can be granted, Tenn. R. Civ. P. 12.02(6), asserts that the facts alleged in the complaint do not state a cause of action. *Humphries v. W. End Terrace, Inc.*, 795 S.W.2d 128, 130 (Tenn. Ct. App. 1990).  In ruling on a motion to dismiss for failure to state a claim, the court should construe the complaint liberally in favor of the plaintiff, taking all of the relevant and material allegations in the complaint as true. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).  The motion therefore "tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof." *Id.*  The trial court should only grant the motion where it appears that plaintiff can prove no set of facts which would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). On appeal, we take the factual allegations in the complaint as true and review the trial court's legal conclusions *de novo* with no presumption of correctness. *Premium Fin. Corp. of Am. v. Crump Ins. Servs.*, 978 S.W.2d 91, 93 (Tenn. 1998).

The essential elements of a claim for intentional interference with employment are "that the defendant intentionally and without justification procured the discharge of the employee in question." *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 760 (Tenn. 1977).  A claim for intentional interference with employment "contemplate[s] a three-party relationship–the plaintiff as employee, the corporation as employer, and the defendants as procurers or inducers." *Nelson v. Martin*, 958 S.W.2d 643, 647 (Tenn. 1997), *overruled in part by Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 702 (Tenn. 2002).

An at-will employee such as Lyne can be terminated at any time for good cause, bad cause or no cause. *See Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 443 (Tenn. 1984).  However, even an at-will employee has a property interest in continued employment without unjustified interference by those who stand outside the employment relationship. *Ladd*, 556 S.W.2d at 760. Where a third party intentionally and unjustifiably interferes with that employment interest by procuring the plaintiff's termination, a cause of action will lie against the third party. *Baldwin v. Pirellie*

[2]The basis for the orders dismissing Lyne's claims is also not included in the record.  The dismissal could have been based on Tennessee Code Annotated § 9-8-307(h), which provides immunity to state employees acting in an official capacity under certain circumstances, or the dismissal could have been for other reasons which are not apparent.

***Armstrong Tire Corp.***, 3 S.W.3d 1, 6 (Tenn. Ct. App. 1999). A corporation may only act through its agents and employees; consequently, a corporate director, officer or employee is not individually liable for tortious interference with a corporate contract, such as an at-will employment agreement, so long as he is acting in furtherance of the corporate interest. ***Forrester v. Stockstill***, 869 S.W.2d 328, 334-335 (Tenn. 1994). A corporate director, officer or employee may be held liable for interference with such a contract if "he is acting outside the scope of his authority, acting with malice, or acting to serve his own interests." ***Id.*** at 333 (quoting Thomas G. Fisher, Annotation, ***Liability of Corporate Direct, Officer or Employee for Tortious Interference with Corporations's Contract with Another***, 72 A.L.R. 4th 492 (1989)). However, where there is intentional interference with an employment contract, there is frequently "some element of ill will"; consequently, where the director, officer or employee is generally acting in furtherance of the corporate interest, "the addition of a spite motive usually is not regarded as sufficient to result in liability." ***Id.*** at 333 (quoting W. Page Keeton, ***Prosser & Keeton on the Law of Torts*** § 130, pp. 1009-10 (5th ed. 1984)). He may be held liable if "the reason underlying his interference is purely a malevolent one, and a desire to do harm to the plaintiff for its own sake." ***Id.*** In ***Forrester***, the Court emphasized that the public interest is served by corporations having candid advice from their officers and employees, and noted that fear of individual liability would limit such advice. ***Id.*** at 334. Consequently, the actions of an officer, director or employee of a corporation are considered to be the actions of the corporation so long as he is acting "within the general range of this authority, and his actions are substantially motivated by an intent to further the interest of the corporation." ***Id.*** at 334-35. Under these circumstances, the director, officer or employee is immune from individual liability. ***Id.***

***Forrester*** addressed the issue of whether two directors of a not-for-profit corporation could be held liable for interfering with the plaintiff's at-will employment. The two defendant directors allegedly made critical remarks about plaintiff's job performance to the executive committee causing plaintiff to be terminated. ***Id.*** at 332. The Court held that plaintiff's suit against the directors could "be maintained only if the proof establishes that they stood as third parties to the employment relationship at the time they performed the acts found to have caused [plaintiff's] discharge." ***Id.*** at 331. In reversing a jury verdict for the plaintiff employee, the Court found that the defendants were obligated to report to the executive committee regarding the plaintiff's job performance and that there was no evidence that the defendants' critical remarks were made "for any purpose other than their perceived best interest" for the non-profit corporation. ***Id.*** at 334.

The State argues that Coach Price cannot be considered a third party to Lyne's employment relationship with the University because both parties were employees of the University and, as Lyne's direct supervisor, Coach Price's actions in procuring Lyne's termination were within the scope of his employment. Therefore, the State asserts that Coach Price cannot be held liable for tortious interference even if his actions were motivated by spite or ill will.

Clearly, as Lyne's supervisor, Coach Price had the authority to procure the termination of Lyne's employment with the University. He would not be held liable for doing so if his actions were "substantially motivated by an intent to further the interest of" the University, even if he had an additional "spite motive." ***Forrester***, 869 S.W. 2d at 334-335.

The State notes correctly that, in the amended complaint, Lyne does not use the term "third party" to describe Coach Price with respect to Lyne's employment relationship with the University. However, in her amended complaint, Lyne alleges that Coach Price "sought to advance his personal economic interest and advantages by mailing fraudulent brochures advertising the 'Tic' Price Basketball Camp" and that he "sought to advance his personal economic interest and advantages through repeated violations of University policies and procedures." She avers that she was discharged because she "refused to participate in or remain silent about" these activities. Thus, Lyne asserts that Coach Price's procurement of her termination was motivated by her actions or refusal to act related to the basketball camp, separate from Coach Price's job duties as head basketball coach, and in furtherance of his individual economic interests. Therefore, even if Coach Price had the authority to procure Lyne's termination, where his actions were motivated substantially by malice or his own personal interest rather than in furtherance of his employer's interest, he stands as a third party to the employment relationship and, thus, may be held individually liable for Lyne's unjustified termination. *See id.* at 334-35. *See also* Restatement (Second) of Agency § 235 cmt. a (1958) (finding that an agent's conduct is not within the scope of his employment where it is not motivated by an intent to serve his principal even though the agent "would be authorized to do [that very act] if it were done for the purpose of serving [his principal]").

We must conclude that the allegations in Lyne's amended complaint, if taken as true, are sufficient to state a claim against Coach Price in his individual capacity. Therefore, the trial court's grant of the Defendants' motion to dismiss must be reversed insofar as it dismisses the allegations against Coach Price in his individual capacity of intentional interference with Lyne's employment with the University.

The decision of the trial court is reversed as set forth above and the case is remanded for further proceedings consistent with this Opinion. Costs are taxed to appellee, George "Tic" Price, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE