IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
NOVEMBER 2, 2004 Session

## APOLLO HAIR SYSTEMS OF NASHVILLE v. FIRST LADY INTERNATIONAL CORPORATION, d/b/a NEW IMAGE

Direct Appeal from the Chancery Court for Davidson County
No. 02-54-I    Irvin H. Kilcrease, Jr., Chancellor

No. M2003-02322-COA-R3-CV - Filed March 29, 2005

This case involves a contract dispute between a retail seller and manufacturer of hair replacement products. The parties entered into an exclusive dealing contract, whereby the manufacturer agreed to sell four models of hair replacement units exclusively to the retailer within a geographically defined area of Tennessee. In return, the retailer agreed to purchase all hair replacement units from the manufacturer and pay a $10.00 premium for the units purchased. The manufacturer subsequently sold hair replacement units to a competitor of the retailer in Tennessee. The retailer filed a complaint against the manufacturer for inducement of breach of contract, pursuant to section 47-50-109 of the Tennessee Code, and breach of contract. The manufacturer moved for summary judgment, and the trial court granted the motion as to both causes of action alleged in the complaint. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

C. Edward Fowlkes, Nashville, TN; David A. Shaw, Seattle, WA, for Appellant

Andrée s. Blumstein, Mark T. Smith, Nashville, TN, for Appellee

# OPINION

## I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This appeal involves a contractual dispute between Apollo Hair Systems of Nashville ("Apollo" or "Appellant") and First Lady International Corporation, d/b/a New Image ("New Image" or "Appellee"). Apollo operates a retail sales business in the hair replacement products industry. New Image is a manufacturer/distributor of hair replacement products. On August 24, 1999, Apollo and New Image entered into an exclusive dealing contract. The record does not contain a copy of the contract entered into between Apollo and New Image, however, we are able to glean from the record its basic terms. Pursuant to the terms of the contract, New Image agreed to sell exclusively to Apollo, within a defined geographical area in Tennessee, four hair replacement models. In turn, Apollo agreed to purchase all of their hair replacement units from New Image and pay a $10.00 premium on the units purchased from New Image.

In 2001, the president of Apollo, William O'Brien ("Mr. O'Brien"), learned that New Image sold twenty-six hair replacement units, the same models that were subject to the agreement between the parties, to competitors of Apollo in Tennessee. Mr. O'Brien notified the president of New Image at the time, Tony Sciara ("Mr. Sciara"), that Apollo was terminating the contract and would no longer purchase hair replacement products from New Image as a result of the twenty-six sales to competitors of Apollo.

On January 7, 2002, Apollo filed a complaint in the Chancery Court of Davidson County, Tennessee, against New Image alleging breach of contract and inducement of breach of contract pursuant to section 47-50-109 of the Tennessee Code.[1] Apollo's complaint alleged that, as a result of the twenty-six sales of hair replacement units by New Image to competitors, it suffered lost profits. On April 11, 2002, New Image filed an answer admitting to the twenty-six sales of hair replacement products to competitors of Apollo in Tennessee, but New Image claimed the sales were inadvertent. In addition, New Image filed a counterclaim against Apollo alleging breach of contract in that, subsequent to the twenty-six sales by New Image, Apollo purchased hair replacement products from competitors of New Image and failed to pay the $10.00 premium in violation of the parties' exclusivity agreement.

Following extensive discovery, New Image, on April 15, 2003, filed a motion with the trial court seeking a dismissal of Apollo's complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure and for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. The motion alleged that, with respect to Apollo's inducement of breach of contract claim, Apollo failed to state a cause of action because Apollo did not allege that New Image's

---

[1] Apollo subsequently filed an amended complaint on February 6, 2002, which is identical in all respects to the original complaint with the exception of the identity of the Appellee. In the amended complaint Apollo merely identified Mr. Sciara as the president of New Image for purposes of service of process.

conduct resulted in a breach of contract between Apollo and a third party. In fact, Apollo's complaint only alleged a breach of the contract between Apollo and New Image. As for the breach of contract claim, New Image alleged that Apollo could not establish that the breach was material or establish damages for lost profits with sufficient certainty.

On May 16, 2003, Apollo filed a response in opposition to New Image's motion. In their response, Apollo referenced the deposition testimony of numerous witnesses, but, regarding damages, only referenced Mr. O'Brien's deposition testimony to the effect that Apollo received "$1,000.00 to $1,500.00 per unit for hair replacements." In addition, the response filed by Apollo referenced, for the first time, that Mr. O'Brien had to purchase 106 hair replacement units from other vendors due to New Image's inability to supply the products needed. Our review of the record reveals no further affidavits or exhibits attached to Apollo's response. In fact, New Image filed a counter-response alleging the inadequacy of Apollo's response and contesting the use of certain deposition testimony by Apollo as inadmissible hearsay.

The trial court conducted a hearing on New Image's motion on May 23, 2003. The record does not contain a transcript of this hearing. On June 16, 2003, the trial court entered an order granting New Image's motion. The order dismissed Apollo's claims for inducement of breach of contract and breach of contract, and the trial court also granted summary judgment to New Image on both causes of action.[2] Apollo subsequently filed a motion for relief from the final judgment or, in the alternative, for a new trial, which the trial court denied. Apollo has filed an appeal to this Court presenting the following issues for our review:

I.    Whether the trial court erred in entering summary judgment in favor of the Appellee regarding the inducement of breach of contract claim; and
II.   Whether the trial court erred in entering summary judgment in favor of the Appellee regarding the breach of contract claim.

---

[2] While not raised by either party as an issue on appeal, we are cognizant of the fact that the record contains no order specifically addressing the disposition of New Image's counterclaim for breach of contract. The final order issued by the trial court provides:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the above claims being all of Plaintiff's claims and causes of action in this matter, said claims and causes of action are hereby dismissed with prejudice. Costs are taxed to Plaintiff. The Court determines that there is no just reason for delay and directs that this is a final judgment pursuant to TRP [sic] 54.02.

Generally, "if multiple . . . claims are involved in an action, any order that adjudicates fewer than all the claims . . . is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a) (2003). This statement in the trial court's order is sufficient to create an appealable final judgment to this Court. *See* Tenn. R. Civ. P. 54.02 (2003); *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983).

For the reasons set forth herein, we affirm the trial court's grant of summary judgment to Appellee, New Image.

## II.
### STANDARD OF REVIEW

When reviewing a trial court's grant of summary judgment to a party, we are bound by the following standard of review:

> An appellate court reviews a grant of summary judgment *de novo* with no presumption that the trial court's conclusions were correct. *See Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *See also Webber v. State Farm Mut. Auto Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). In reviewing the record, "courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." *Staples v. CBL & Assocs. Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). "If both the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate." *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 (Tenn. 1999).

*Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002).

## III.
### LAW AND ANALYSIS

We begin with Apollo's first issue regarding the grant of summary judgment to New Image on the inducement of breach of contract claim. The complaint filed by Apollo specifically alleges a cause of action based upon section 47-50-109 of the Tennessee Code, which provides:

> It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform of any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of the contract. The party injured by such breach may bring suit for the breach and for such damages.

Tenn. Code Ann. § 47-50-109 (2003). Tennessee recognizes both a statutory and common law cause of action for inducement of breach of contract.[3] *Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 822 (Tenn. Ct. App. 1994). In order to establish a cause of action for inducement of breach of contract, the plaintiff, in this case Apollo, is required to prove the following elements:

> (1) that there was a legal contract; (2) that the wrongdoer had sufficient knowledge of the contract; (3) that the wrongdoer intended to induce its breach; (4) that the wrongdoer acted maliciously; (5) that the contract was breached; (6) that the act complained of was the proximate cause of the breach; and (7) that damages resulted from the breach.

*TSC Indus., Inc. v. Tomlin*, 743 S.W.2d 169, 173 (Tenn. Ct. App. 1987).

"[A] party to a contract cannot be held liable for procuring its own breach or termination of that contract. . . ." *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 760 (Tenn. 1977); *see also Waste Conversion Sys., Inc. v. Greenstone Indus., Inc.*, 33 S.W.3d 779, 782 (Tenn. 2000); *Forrester v. Stockstill*, 869 S.W.2d 328, 331 (Tenn. 1994); *Kent v. Edwards & Assocs., Inc.*, No. E-1999-00399-COA-R9-CV, 2000 Tenn. App. LEXIS 29, at *13 (Tenn. Ct. App. Jan. 25, 2000). Apollo's complaint alleged the existence of a breach only as to its contract with New Image. At no time during the proceedings below did Apollo contend that the actions by New Image resulted in the breach of a contract between Apollo and a third party. In fact, Apollo conceded at oral argument before this Court that it is not claiming a breach of a contract with a third party. Accordingly, as a matter of law, Apollo failed to state a cause of action for inducement of breach of contract, and we must affirm the trial court's grant of summary judgment to New Image on this cause of action.

We now turn to Apollo's second issue regarding the trial court's grant of summary judgment to New Image on the breach of contract claim. At the outset we note that our review of the trial court's ruling regarding this issue is complicated by the state of the record. This case involves a contract dispute, yet, as previously noted, the record does not contain a copy of the contract.[4] In addition, in an effort to establish the existence of a factual dispute at the hearing below and on appeal, Apollo relied solely on the deposition testimony of witnesses. It is difficult for this Court

---

[3] Apollo's brief contains an argument relating to a cause of action based upon tortious interference with a business relationship. Tennessee recognizes a separate and distinct cause of action for intentional interference with business relationships. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002). This is the first instance in which Apollo has raised this as a cause of action, and the record is devoid of any mention of such a cause of action being raised in the trial court below. Accordingly, we refuse to entertain a new cause of action raised for the first time on appeal. *City of Cookeville v. Humphrey*, 126 S.W.3d 897, 905–06 (Tenn. 2004) (refusing to entertain a new theory of recovery for the first time on appeal); *Chadwell v. Knox County*, 980 S.W.2d 378, 384 (Tenn. Ct. App. 1998) (noting that issues not raised in the trial court cannot be settled for the first time on appeal).

[4] Fortunately, the record reveals that New Image, without stipulating to the existence of an enforceable contract and only for purposes of summary judgment, agreed "that [Apollo's] allegations regarding the enforceability of the contract are true."

to conduct a *de novo* review of the trial court's grant of summary judgment when the record does not contain a copy of the deposition testimony relied on by the Appellant. While the record contains portions of deposition testimony attached as exhibits to pleadings, motions, or orders, the Appellant's brief cited to deposition testimony not found in the record. It is the appellant's duty to provide this Court with an adequate record. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992); *Coakley v. Coakley*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Scarbrough v. Scarbrough*, 752 S.W.2d 94, 97 (Tenn. Ct. App. 1988).

New Image's motion for summary judgment attacked Apollo's breach of contract claim on two grounds: inability to prove damages based on "lost profits" and lack of a material breach. In a breach of contract action, proof of damages is an essential element to the plaintiff's cause of action. *Union Planters Bank of Middle Tenn. v. Choate*, No. M1999-01268-COA-R3-CV, 2000 Tenn. App. LEXIS 593, at *8 (Tenn. Ct. App. Aug. 31, 2000). The complaint filed by Apollo sought damages based on lost profits. In response to New Image's motion for summary judgment, Apollo merely referenced a statement made by Mr. O'Brien to the effect that he receives $1,000.00 to $1,500.00 per unit for hair replacement units. This statement by Mr. O'Brien is not included in the record, therefore, we are unable to verify its authenticity. *See Coakley v. Coakley*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992).

Assuming arguendo that Mr. O'Brien's statement was contained in the record, this statement alone would not cure Apollo's inability to prove damages based on lost profits. "When lost profits are the proper measure of damages, they need only be proved with reasonable certainty, not with mathematical precision." *Johnson v. Welch*, No. M2002-00790-COA-R3-CV, 2004 Tenn. App. LEXIS 86, at *54 (Tenn. Ct. App. Feb. 9, 2004) (citing *McClain v. Kimbrough Constr. Co.*, 806 S.W.2d 194, 200 (Tenn. Ct. App. 1990)). However, "[i]t appears to be the rule in this State, as generally elsewhere, that lost or expected profits are recoverable as damages for breach of contract, *provided they can be proved with reasonable certainty, and are not in fact remote or speculative*." *Morristown Lincoln-Mercury, Inc. v. Roy N. Lotspeich Publ'g Co.*, 298 S.W.2d 788, 793 (Tenn. Ct. App. 1956) (citations omitted) (emphasis added). Apollo failed to establish how Mr. O'Brien reached this measure, how this amount relates to the four models subject to the exclusive dealing contract with New Image, that he would in fact have been able to sell the twenty-six units sold by New Image to Apollo's competitors, or that any of Apollo's customers purchased one of the same models from a competitor of Apollo.[5] Premising damages for lost profits on a perceived loss of business by Apollo would necessitate an unacceptable amount of speculation in fixing those damages. *See Keller v. West-Morr Investors, Ltd.*, 770 S.W.2d 543, 550–51 (Tenn. Ct. App. 1988).

---

[5] We do not mean to imply that a party must prove these factors in order to establish damages for lost profits with reasonable certainty. We merely seek to demonstrate that, based on the circumstances of this case, the single statement offered by Mr. O'Brien is too uncertain and speculative to establish damages based on lost profits as a matter of law.

In its response to New Image's motion for summary judgment, Apollo also stated, for the first time in the trial court below, that Mr. O'Brien testified in his deposition that Apollo had to cover by purchasing 106 substitute products from another supplier at higher prices. In addition, Apollo's brief submitted to this Court provides: "In this cause the Defendant's repetitive breaches of the exclusive agreement required the Plaintiff to incur cover damages for 106 units purchased from other vendors when Defendant could not supply the excusive [sic] hair units in a timely manner." However, Apollo's complaint states that the cause of action for breach of contract is based on the theory that New Image breached the contract by selling twenty-six hair replacement units to Apollo's competitors. The complaint makes no mention of New Image's failure to supply hair replacement units under the contract, and the record does not evidence an amendment to the pleadings by Apollo to reflect this additional ground for breach of contract. *See* Tenn. R. Civ. P. 15.01 (2003). In addition, in a portion of Mr. O'Brien's deposition that is contained in the record, he states:

> Q. Are you complaining that the delivery issues that we've talked about, whether it's in '99 or 2000, you're not claiming that the delivery problems were in anyway a breach of the August 24th, 1999 agreement?
> A. No.
> Q. You're not alleging that at all.
> A. No.

Accordingly, this component of the second issue raised by Apollo is without merit.

Regarding the existence of a material breach, the state of the record prevents this Court from making a determination of that component of the second issue. As previously stated, the record does not contain a copy of the contract, nor do we have the complete deposition testimony of all the witnesses to verify the factual statements made by Apollo in response to the motion for summary judgment or in its brief on appeal. Under these circumstances, we must assume the trial court correctly granted summary judgment to New Image on the breach of contract claim. *See Sanders v. Sanders*, No. M1998-00978-COA-R3-CV, 2001 Tenn. App. LEXIS 937, at *10 (Tenn. Ct. App. Dec. 28, 2001) (quoting Tenn. R. App. P. 24(a) (2003)) ("The Tennessee Rules of Appellate Procedure require the parties, not the appellate courts, to provide a record on appeal that contains a 'fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal.'"); *Coakley v. Coakley*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) ("Where the issues raised go to the evidence, there must be a transcript.").

## IV.
### CONCLUSION

For the reasons set forth herein, we affirm the trial court's grant of summary judgment in favor of the Appellee, New Image. Costs of this appeal are taxed against the Appellant, Apollo Hair Systems of Nashville, and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE